**LAND OCEAN LOGISTICS, INC., Plaintiff,**

v.

**AQUA GULF CORPORATION, Aqua Gulf Transport, Defendants.**

No. 97–CV–582(A)(F).

United States District Court, W.D. New York.

Sept. 2, 1998.

Sullivan & Oliverio (Christopher J. Belter, of counsel), Buffalo, NY, for plaintiff, .

Brautigam & Brautigam (Daryl P. Brautigam, of counsel), Fredonia, NY, for defendant.

---

1. The facts are taken from the motion papers and pleadings.

2. The record does not state the actual relationship between Transport and Aqua Gulf. Plaintiff alleges that Transport is the "alter ego" of Aqua Gulf, and seeks recovery from both Transport

## DECISION and ORDER

FOSCHIO, United States Magistrate Judge.

### *JURISDICTION*

This matter was referred to the undersigned by the Hon. Richard J. Arcara, on July 23, 1997 for all pretrial matters. It is presently before the court on Defendant's motion to exclude, and for expenses, including attorney's fees, (Docket Item No. 11), filed February 25, 1998, Plaintiff's cross-motion to compel discovery and exclude, (Docket Item No. 13), filed March 20, 1998, Defendants' motion to compel compliance with a stipulation, filed July 17, 1998, (Docket Item No. 23), and Plaintiff's motion to compel compliance with a stipulation, filed August 6, 1998, (Docket Item No. 25).

### *BACKGROUND AND FACTS*[1]

Plaintiff, Land Ocean Logistics, Inc., ("Land Ocean") ("Plaintiff"), a New York corporation with its principal place of business in the Town of Amherst, New York, is a transportation broker in the business of arranging and scheduling the shipment of various products from New York to Puerto Rico through the use of commercial trucking and sea transportation companies. Defendants, Aqua Gulf Transport, Inc. ("Transport") and Aqua Gulf Corporation ("Aqua Gulf") ("Defendants") are New Jersey corporations with their principal places of business in Florida.[2] Aqua Gulf is engaged in the business of providing commercial trucking and transportation facilities to public and private businesses. Transport provides forwarding services using vessels from ports of the United States to Puerto Rico and return. Declaration of John Bruno, President of Transport ("Bruno Affidavit"), attached to Defendants' Reply Affidavit, filed April 10, 1998, (Docket Item No.17), ¶ 4.

The Complaint, filed June 13, 1997, alleges a breach of an agreement executed in New

and Aqua Gulf. ¶¶ 12, 17. However, Transport has not moved against the Complaint. Accordingly, the court will consider Transport and Aqua Gulf as related parties for the purposes of the instant motions.

York, on or about June 16, 1992, whereby Land Ocean and Aqua Gulf agreed to share certain commissions, fees, and profits with respect to Land Ocean customers for transporting freight through Aqua Gulf's shipping arrangements with various steamship lines operating between New Jersey and Puerto Rico. Complaint, ¶ 9. As part of the agreement, Aqua Gulf agreed to compensate Land Ocean with a certain percentage of all commissions, fees, and net profits received by Aqua Gulf with respect to this business. Complaint, ¶ 10. Land Ocean alleges that Aqua Gulf and Transport failed to make payments due Land Ocean under this agreement for the periods September 1994, through September, 1996 in a total amount of $124,899.26. Complaint, ¶ 17, ¶ 21. After requesting payment by the mailing of invoices to Aqua Gulf and Transport, Land Ocean commenced the present action in New York Supreme Court on June 13, 1997. On July 18, 1997, Defendants removed the case to this court.

On October 8, 1997, Plaintiff served its First Set of Interrogatories and Request for Production of Documents ("Plaintiff's Requests") which included fifteen interrogatories.[3] In a letter to Plaintiff's counsel dated October 29, 1997 Defendant Aqua Gulf objected to several of the Requests as beyond the scope of the Complaint. Affidavit of Christopher J. Belter, Esq. in Support of Plaintiff's Cross–Motion to Compel, filed March 20, 1998, (Docket Item No. 13), ("Belter Affidavit"), Exhibit B. Aqua Gulf and Transport each served objections to Plaintiff's Requests on November 12, 1997, based on relevancy, over breadth, and confidentiality grounds.[4] Belter Affidavit, Exhibit D. However, no motion to compel was filed by Land Ocean at that point.

On January 6, 1998, Defendants served their first Notice to Produce ("Defendants' Requests"), including the following items: (1) any and all books, records, tax filings, ledgers, and other business records belonging to the Plaintiff for the period September, 1994 to the present; (2) any and all documents, notes, memoranda, correspondence, writings, records, or other tangible items serving as the basis for invoices allegedly sent by Plaintiff to Defendants; (3) broker's permits issued by the federal government for the years 1994, 1995, and 1996, including any such licenses, permits, or authorizations presently valid but not in force; (4) corporate minutes, corporate record books or other records maintained by the Plaintiff demonstrating the identity and interest of any shareholders in the Plaintiff, and authorizing the instant litigation; (5) Plaintiff's federal and state corporate tax returns for all or any part of 1994, 1995, and 1996; and (6) any and all writings, memoranda, documents, correspondence, tapes, or other tangible items with respect to the alleged agreement and work or services performed by the Plaintiff for Defendants for all periods commencing January 1, 1994 until the present. Affidavit of Daryl P. Brautigam, Esq., in Support of Defendants' Motion to Preclude, filed February 25, 1998, (Docket Item No. 23), ("Brautigam Affidavit"), Exhibit A, ¶¶ 1–7.

On February 25, 1998, Defendants filed the instant Motion to Preclude based on Plaintiff's failure to respond to Defendants' Requests. Brautigam Affidavit, ¶ 3. Plaintiff served objections on grounds of relevancy, confidentiality, and privilege to several of Defendants' requests on March 20, 1998. Belter Affidavit, Exhibit E. As to Defendants' other requests, Plaintiff stated that all responsive documents were available for inspection and copying at the offices of Plain-

---

**3.** The parties dispute the date of service of Plaintiff's Requests. Although Plaintiff alleges service of the Requests on July 8, 1997, Defendants contend that the Requests were not served until October 8, 1997, and have attached a letter from Plaintiff's counsel accompanying the Requests dated October 8, 1997. Plaintiff attached the identical letter to its Cross–Motion to Compel, dated October 8, 1997, identifying it as the transmittal letter accompanying the Requests. Belter Affidavit, Exhibit A. Additionally, Plaintiff has not

argued that Defendants waived their objection by failing to timely respond to the Defendants' Requests. Therefore, the court finds that service of Plaintiff's Requests occurred on October 8, 1997.

**4.** While both Defendants filed individual objections to Plaintiff's Requests, the basis of these objections is identical. *See* Belter Affidavit, Exhibit D. The court will therefore treat these objections as a single objection.

tiff's counsel. Belter Affidavit, Exhibit E, ¶¶ 2, 7–8.

In their Motion to Preclude, Defendants assert that without the documents requested, Defendants are hindered in their defense, as, according to Defendants, Plaintiff's inability to produce the requested documents would demonstrate Plaintiff is unable to prove its claim. Brautigam Affidavit, ¶¶ 10–13. Accordingly, Defendants seek as a sanction under Fed.R.Civ.P. 37(d) an order of preclusion directed to the requested information or, alternatively, dismissal, in addition to expenses. Fed.R.Civ.P. 37(d) (incorporating by reference Fed.R.Civ.P. 37(b)(2)(B) and (C)). Brautigam Affidavit, ¶ 17.

On March 20, 1998, Plaintiff served its Cross–Motion to Compel. In this motion, Plaintiff asserted that Defendants failed to answer any of Plaintiff's Requests, and had not identified or produced any of the records covered by Plaintiff's which then remained outstanding. Accordingly, Plaintiff requested that the Defendants be directed to answer the interrogatories and produce the documents sought in Plaintiff's Requests. If Defendants failed to comply, Plaintiff sought to preclude Defendants from offering any evidence at trial as to matters covered by Plaintiff's Requests. Plaintiff also opposed Defendants' Motion to Preclude, claiming Defendants' lack of good faith efforts to resolve the disputed discovery prior to bringing their motion under Fed.R.Civ.P. 37. Belter Affidavit, ¶ 18. Plaintiff also reasserted its objections to Defendants' Requests on relevancy, confidentiality, and privilege grounds. Belter Affidavit, ¶ 22.

In a Reply Affidavit served on April 10, 1998, Defendants stated their opposition to Plaintiff's Cross–Motion to Compel. Affidavit of Daryl P. Brautigam, Esq., filed April 10, 1998, (Docket Item No. 17) ("April 10, 1998 Brautigam Reply Affidavit"). Defendants reiterated their objections to Plaintiff's Cross–Motion to Compel in a Response in Opposition to Plaintiff's Cross–Motion to Compel served on April 13, 1998, filed April 13, 1998, (Docket Item No. 18), ("Defendants' Opposition").

In a letter dated June 4, 1998, a copy of which was provided to the court on June 5,

1998, Defendants proffered that the parties had agreed upon certain dates of discovery, and that the proposed stipulation would be forwarded to Plaintiff's counsel for signature. Affidavit of Daryl P. Brautigam, Esq. in Support of Motion to Compel, filed July 17, 1998, (Docket Item No. 23), ("July 17, 1998 Brautigam Affidavit"), Exhibit C. Instead of signing the proposed stipulation, however, Plaintiff, on June 26, 1998, sent Defendants its own revised proposed stipulation. To date, neither proposed stipulation has been executed by the parties and no resolution of the issues presented in the pending motions has been reached.

On July 17, 1998, Defendants moved to compel Plaintiff to adhere to the proposed stipulation. July 17, 1998 Brautigam Affidavit. Plaintiff reiterated its Cross–Motion to Compel on August 6, 1998, and moved to preclude Defendants from offering at trial evidence as to matters covered by Plaintiff's Requests if the Court's order with respect to the Cross–Motion to Compel was not complied with. Plaintiff also moved on August 6, 1998 to compel Defendants to adhere to the proposed stipulation submitted by Plaintiff. Affidavit of Christopher J. Belter, Esq., in Support of Plaintiff's Motion Preclude and Motion to Compel, filed August 6, 1998, (Docket Item No. 25), ("August 1998 Belter Affidavit"). Counsel for the parties participated in limited oral argument via telephone conference call conducted on August 28, 1998. The court will address the pending motions in the order of their filing.

## DISCUSSION

### A. Defendants' Motion to Preclude

1. **Plaintiff's Failure to Comply with Defendant's First Request for Documents**

Defendant seeks an order of preclusion under Fed.R.Civ.P. 37(d) based on the Plaintiff's alleged failure to produce documents responsive to its Request for Documents. Brautigam Affidavit, ¶ 14. Plaintiff responded asserting Defendants' motion was "frivolous and without merit" and describing Defendants' refusal to respond to any of Plaintiff's

Requests. Belter Affidavit, ¶ 19. Fed. R.Civ.P. 37(d) defines the sanctions available when a party fails to make disclosure or fails to cooperate in discovery. If a party fails to serve a written response to a request for inspection of documents pursuant to Rule 34, the court may make such orders in regard to the failure "as are just," Fed.R.Civ.P. 37(d), including an order as permitted by Fed. R.Civ.P. 37(b)(2)(B) "prohibiting that party from introducing designated matters into evidence." Fed.R.Civ.P. 37(d)

■ In the instant case, the court finds Defendant is not entitled to the sanction of preclusion. First, Rule 37 permits an order of preclusion where a party "fails to serve a written response to a request for inspection." Fed.R.Civ.P. 37(d). Defendants served a Request for Documents on January 6, 1998. Belter Affidavit at 4. Plaintiff responded to Defendants' Request for Documents on March 20, 1998, albeit 60 days after the 30 day period permitted for response under Fed.R.Civ.P. 34(b). Preclusion is a harsh sanction preserved for exceptional cases where a requested party's failure to provide the requested discovery results in prejudice to the requesting party. *Update Art, Inc. v. Modiin Publishing, Ltd.*, 843 F.2d 67, 71 (2d Cir.1988); *Softel, Inc. v. Dragon Medical and Scientific Communications, Inc.*, 1990 WL 164859, *5–6 (S.D.N.Y.1990) (absence of prejudice caused by requested party's delayed responses militates against preclusion). Here, Plaintiff has responded to Defendants' Requests and although the responses were tardy Defendants have not demonstrated prejudice resulting from the delay. Accordingly, preclusion is not justified as a sanction. However, the court will alternatively treat Defendants' motion as one to compel.

In a letter written to Plaintiff's counsel on March 27, 1998, Defendants attempted to confirm Plaintiff's position, which had been taken by its attorney, that the Plaintiff would not permit inspection and copying of the items identified in the Defendants' Requests unless the Defendants first produced various items described in the Plaintiff's Cross–Motion to Compel. Reply Affidavit of Daryl P. Brautigam, Counsel for Defendants, filed March 30, 1998, (Docket Item No. 14),

("Brautigam Reply Affidavit"), Exhibit D. Plaintiff has not denied it refused to comply with Defendants' discovery requests on this basis.

■ Defendants' failure to respond to Plaintiff's Requests does not, however, excuse Plaintiff from complying with Defendants' discovery requests. Plaintiff's withholding of production of the requested information and documents contingent upon the production of discovery by the opposing party in this case was clearly improper. *See Del–Rain Corp. v. Pelonis, Ltd.*, No. 94–CV–587, slip op. at 2, September 28, 1995 (order granting motion for sanctions) (Docket Item No. 97), *aff'd*, 92–CV–587, slip. op. at 12 (W.D.N.Y. August 29, 1996) (Docket Item No. 135); *Blake Associates v. Omni Spectra, Inc.*, 118 F.R.D. 283, 287 (D.Mass.1988) (sanctions warranted, given plaintiff's refusal to produce documents until defendant produced requested discovery). There is no authority in the Federal Rules of Civil Procedure which, absent court order, permits conditioning compliance with properly served discovery requests. In fact, Fed.R.Civ.P. 26(d) provides that methods of discovery can proceed in any sequence. The Advisory Committee Notes to the 1970 Amendments to Rule 26(d) specifically state the effect of Rule 26(d) is to "eliminate any fixed priority in the sequence of discovery."

■ .Plaintiff contends Defendants are not entitled to relief under their motion because they failed to confer with Plaintiff in good faith in an effort to obtain the discovery at issue without court action. Belter Affidavit, ¶ 18. Fed.R.Civ.P. 37(a)(2)(A) requires that a party moving to compel discovery and for sanctions include a "certification that the movant has in good faith conferred or attempted to confer with the party not making the disclosure in an effort to secure the disclosure without court action." However, courts have excused the good faith requirement where temporal exigencies require speedy action and where efforts at informal compromise would have been futile. *See Reidy v. Runyon*, 169 F.R.D. 486, 490

(E.D.N.Y.1997) (excusing failure to confer because compromise was unlikely); *Matsushita Electric Corp. v. 212 Copiers, Inc.*, 1996 WL 87245 at *1 (S.D.N.Y.1996) (conference would be futile in highly adversarial litigation). In *Matsushita, supra*, the court held that a failure to consult with nonmovant's counsel prior to filing a discovery motion, although a "more serious" omission, will not operate as a bar to hearing the merits of that motion where the goal, namely a compromise between the parties, is unlikely to be met. *Matsushita, supra*, at *1 cited in *Reidy, supra*, at 491.

Plaintiff points to several incidents as evidence of the Defendants' failure to act in good faith before moving to preclude, including: (1) failing to respond to Plaintiff's discovery requests for a period of over 90 days; (2) moving to compel less than 60 days from the date of service of the Request for Documents, where the Requests sought a "voluminous amount of records"; (3) serving a subpoena pursuant to Fed.R.Civ.P. 45 on one of Plaintiff's officers prior to serving the Request for Documents; (4) making a "couple of phone calls" to Plaintiff's counsel; and (5) failing to speak with Plaintiff's counsel directly before moving to compel.[5] Belter Affidavit, ¶¶ 15–19.

The court finds nevertheless that Defendants have acted with a sufficient degree of good faith in bringing the Motion to Preclude. The record shows the parties have attempted to seek resolution of this matter without court assistance, and their efforts have thus far been ineffective. On November 10, 1997, Defendants served objections to the Plaintiff's Requests. Belter Affidavit, ¶ 10. Prior to moving to preclude, Defendants communicated with Plaintiff's attorney by letter regarding answers to Plaintiff's Requests. *Id.*, ¶¶ 7–9. Earlier, on October 29, 1997, Defendants' counsel sent Plaintiff's attorney a letter detailing Defendants' objections to Plaintiff's Requests. *Id.*, ¶ 7. On November 25, 1997, Defendants served Plaintiff with their Responses to the First Set of Interrogatories and Request for the Production of Documents. Brautigam Reply Affidavit, ¶ 4. Defendants state in their Motion to

Preclude that Defendants' counsel attempted to telephone Plaintiff's attorney regarding the issues involved in the case, but received no response. Brautigam Affidavit, ¶ 4.

Plaintiff states in its Response to Defendants' Motion to Preclude that "[p]rior to receiving defendants' motion to ... [preclude], I had received a couple of telephone calls from Mr. Brautigam earlier in the week." Belter Affidavit, ¶ 19. Plaintiff does not further state whether it responded to such telephone calls, indicating only that a secretary was asked to return Mr. Brautigam's phone calls and instruct him that Plaintiff's counsel would be "unavailable for a few days." *Id.* Further, as noted, the parties subsequently attempted, unsuccessfully, to resolve the instant disputes by stipulation. Based on these activities, the court finds that Defendants have satisfied the requirements of Fed.R.Civ.P. 37 as a prerequisite to the instant motion.

### 2. Plaintiff's Waiver of Objections

In a Reply Affidavit filed on March 30, 1998, Defendants asserted that Plaintiff failed to object to or move for a protective order in response to Defendants' January 6, 1998 Request for Documents, thus waiving any objections to Defendants' Requests for Documents. Brautigam Reply Affidavit, ¶ 5. Rule 34(b) of the Federal Rules of Civil Procedure states that "[t]he party upon whom the request is served shall serve a written response within 30 days after the service of the request." Courts have held that a failure to respond or object to a discovery request in a timely manner waives any objection which may have been available. *Smith v. Conway Organization, Inc.*, 154 F.R.D. 73 (S.D.N.Y.1994); *Bowne of New York City, Inc. v. AmBase Corp.*, 150 F.R.D. 465, 489 (S.D.N.Y.1993); *Scott v. Arex, Inc.*, 124 F.R.D. 39, 41 (D.Conn.1989). According to the record, Plaintiff did not respond to Defendants' Requests until March 20, 1998, over 90 days after service of the Defendants' Notice to Produce and more than 60 days past the period established by Rule 34(b). Fed.R.Civ.P. 34(b) requires that a party

---

**5.** Plaintiff's motion to quash the subpoena was granted by this court on April 27, 1998.

serve a written response to a request for the production of documents or state its objections within 30 days after the service of the request, unless the period within which to respond or object is extended by agreement or court order. There is no indication that Plaintiff's delay in responding was agreed to by Defendants or approved by the court. Thus, by failing to comply with Rule 34(b), Plaintiff waived its right to object to Defendants' Requests.

### 3. Plaintiff's Objections to Defendants' Discovery Requests

Even if a waiver of objections were not found, Plaintiff, except with respect to the Defendants' discovery requests seeking its tax returns, has failed to present valid objections to Defendants' requested documents. Plaintiff responded to Defendants' Document Requests in its Cross–Motion to Compel, filed March 20, 1998. Exhibit E to Belter Affidavit. Plaintiff objected to several of the requests on the ground that the information requested was not relevant to a claim or defense at issue in this case. *Id.*

■ It is the obligation of a requested party to provide discovery that is relevant to the case. Fed.R.Civ.P. 26(b)(1). Information is relevant so long as it is reasonably calculated to lead to the discovery of admissible evidence. *Daval Steel Products v. M/V Fakredine,* 951 F.2d 1357, 1367 (2d Cir.1991). If a requested party believes any discovery request served upon it to be irrelevant or unduly burdensome or oppressive, the requested party may file timely objections or seek a protective order upon good cause shown. Fed.R.Civ.P. 26(c), 33(b)(3), 34(b).

■ In the present case, Defendants' Request No. 1 seeks all books, records, tax returns, ledgers, and other business records belonging to the Plaintiff for the period of September 1994 through the present. Exhibit A to Brautigam Affidavit, ¶ 1. As a defense to Plaintiff's claim, Defendant contends that Plaintiff was not doing business during the period of time within which the claim allegedly arose. If the requested information is consistent with Defendants' theory of defense, such may provide a basis to infer that there is no factual support for Plaintiff's claim. Accordingly, the requested information seeks admissible evidence or is reasonably calculated to lead to the discovery of admissible evidence and is, therefore, relevant.

■ Plaintiff also contends that the documents requested in Defendants' Request No. 1 contain privileged and confidential information and are therefore not subject to discovery. Exhibit E to Belter Affidavit. Under Fed.R.Civ.P. 26, a party objecting to a discovery request must provide a detailed statement of the grounds for the objection. In the case of a privilege, the party claiming the privilege must supply opposing counsel with sufficient information to assess the applicability of the privilege without revealing information which is privileged or protected. *United States v. Construction Products Research, Inc.,* 73 F.3d 464, 473 (2d Cir.), cert. denied, —— U.S. ——, 117 S.Ct. 294, 136 L.Ed.2d 213 (1996). Mere conclusory assertions of privilege are insufficient to satisfy this burden. *In re Grand Jury Subpoena,* 750 F.2d 223, 225 (2d Cir.1984) (citing *United States v. Kovel,* 296 F.2d 918, 923 (2d Cir. 1961)). Specifically, as relevant, Rule 26 provides

> [w]hen a party withholds information otherwise discoverable under these rules by claiming that it is privileged or subject to protection as trial preparation material, the party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing the information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection.

Fed.R.Civ.P. 26(b)(5). Rule 26(b) further requires that the party asserting the privilege or protection specifically identify each document or communication, and the type of privilege or protection being asserted, in a privilege log. *John Labatt Limited v. Molson Breweries,* 1995 WL 23603, *1 (S.D.N.Y. 1995). Failure to comply with Rule 26(b)(5) waives the objection. *Large v. Our Lady of Mercy Medical Center,* 1998 WL 65995 (S.D.N.Y.1998) (waiver of attorney client

privilege found where no objection based on privilege was asserted); *Smith v. Conway Organization, Inc.*, 154 F.R.D. 73, 76 (S.D.N.Y.1994) (waiver of attorney work product found where there was failure to timely object with specificity to document requests).

In the present case, Plaintiff's Response to Defendants' Requests makes only a general assertion that the requested documents are confidential or privileged information. Plaintiff's Response to Defendants' Notice to Produce ("Plaintiff's Response"), Exhibit E to Belter Affidavit, ¶ 1. Plaintiff has failed to state with the particularity required by Fed.R.Civ.P. 26(b)(5) how these materials are privileged and, therefore, has waived its right to assert any privilege as to the requested information. As such, Plaintiff shall produce the books, records, and other materials belonging to Plaintiff extending from September 1994 to the present as requested by Defendants' Requests.

Plaintiff objected to Defendants' Request No. 3, which seeks any and all broker's permits issued by the United States government to Plaintiff for the years 1994 through 1997, as well as any permits currently in force. Defendants' Requests, ¶ 3. In its objection, Plaintiff alleged that a broker's permit was not required for any business performed pursuant to the agreement between the parties, as all business done by the parties was performed under the broker permits of the Defendants. Plaintiff's Response, ¶ 3. However, the court finds that Plaintiff's broker permits would tend to establish whether Plaintiff was doing business during the time within which the claim allegedly arose. As such, Plaintiff's broker permits are consistent with Defendants' theory of defense and may provide a basis to infer that there is no factual support for Plaintiff's claim, and are therefore relevant.

Plaintiff objected to Defendants' Request No. 4, which seeks "any and all corporate minutes, corporate record books, or other records maintained by the plaintiff demonstrating the identity and interest of any shareholders in the Plaintiff, and fur-ther authorizing the litigation commenced by the complaint herein," based on an asserted lack of relevancy and confidentiality.[6] Exhibit E to Belter Affidavit, ¶ 4. Defendants maintain that the requested corporate records will tend to establish Defendants' defense theory that in pursuing litigation in the instant matter, the representatives of Land Ocean acted *ultra vires*, thus making the requested documents relevant to Defendants' defense of the case at hand. Brautigam Affidavit, ¶ 12. Although Defendants do not provide any specific reason for the requested documents regarding any identity of shareholder interest, nevertheless, under the broad definition of relevance for federal discovery purposes, such requests may lead to admissible evidence and are therefore discoverable.

Further, Plaintiff has failed to adequately show that the corporate records sought in Request No. 4 are privileged and confidential under Fed.R.Civ.P. 26(b). In its Response to Defendants' Request for Documents, Plaintiff states only that the documents are "privileged and confidential," and has not provided sufficient information to ascertain whether the requested information is privileged. Exhibit E to Belter Affidavit, ¶ 4. Such general assertions, as discussed, are deficient under Fed.R.Civ.P. 26(b). As Plaintiff has failed to establish the business records sought by Defendants corporate records are privileged, Plaintiff shall comply with Defendants' requests for the production of the corporate minutes and corporate record books as defined in Defendants' Requests.

Defendants' Requests Nos. 5 and 6 seek Plaintiff's tax returns from the years 1994, 1995, and 1996. Exhibit A to Brautigam Affidavit. Plaintiff objected to the production of its tax returns from those years as not relevant to any claim or defense at issue in the case and as confidential information. Exhibit E to Belter Affidavit, ¶¶ 5–6. Tax returns are discoverable provided the party seeking such information demonstrates (1) the tax returns are relevant; and (2) there is a compelling need for disclosure of the returns because the information is not other-

---

6. Exhibit A to Brautigam Affidavit, ¶ 4.

wise readily obtainable. *Russell v. Del Vecchio*, 764 F.Supp. 275, 276 (E.D.N.Y.1991); *United States v. Bonanno Organized Crime Family*, 119 F.R.D. 625, 627 (E.D.N.Y.1988); *S.E.C. v. Cymaticolor*, 106 F.R.D. 545, 547 (S.D.N.Y.1985). In this case, the court need not determine whether Defendants' have made the requisite showing of compelling need as Plaintiff's failure to serve timely objections to Defendants' Document Requests waives the objection. *Richards v. Stephens*, 118 F.R.D. 338, n. 1 (S.D.N.Y. 1988).

Therefore, based on the foregoing, Plaintiff shall comply with Defendants' Requests Nos. 1, 3, 4, 5 and 6 **not later than 30 days following service of this Decision and Order.**[7]

### 4. Defendants' Expenses

■ An order compelling discovery and an award of costs is warranted in this case. The sanctions specified under Fed.R.Civ.P. 37(d) are not exhaustive, and the court may impose such sanctions as are just. *Miltope Corp. v. Hartford Casualty Ins. Co.*, 163 F.R.D. 191, 194–95 (S.D.N.Y.1995). Defendants request an award of attorney fees in connection with the instant motion. Rule 37(d) of the Federal Rules of Civil Procedure permits a court to order the awarding of attorneys fees to a party seeking relief for a failure by the opposing party to act in response to a Request to Produce. The Rule states

> [i]n lieu of any order or in addition thereto, the court shall require the party failing to act or the attorney advising the party or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

Fed.R.Civ.P. 37(d) (emphasis added). The award of fees and expenses is the mildest of the sanctions authorized by Rule 37. *Cine Forty–Second St. Theatre v. Allied Artists*, 602 F.2d 1062, 1066 (2d Cir.1979). A finding by the court that a party has engaged in wilful disobedience or gross negligence is required only if a harsher sanction is to be applied. 4A JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 37.05 at 37–101 to 37–103 (1981 ed.) (wilfulness); *Cine Forty–Second St.*, 602 F.2d at 1068 (gross negligence). By its terms, Rule 37 places the burden on the noncooperating party to avoid expenses by showing that its failure is justified or that special circumstances make such an award unjust.1970 Advisory Committee Note to Fed.R.Civ.P. 37(b)(2).

■ In the present case, in addition to waiving its objections, Plaintiff has failed to demonstrate a substantial justification for its failure to comply with Defendants' Requests. Plaintiff's asserted justifications for its failure to comply, including Defendants' failure to respond to Plaintiff's discovery requests, the Defendants' alleged failure to act in good faith, and the unsupported assertions of confidentiality as to the requested materials are all, for the reasons discussed, insubstantial, as Plaintiff has not adequately supported any of these justifications. Accordingly, Defendants' motion for expenses is GRANTED. Defendant shall file its affidavit of expenses **within twenty (20) days following service of this order;** Plaintiff shall file its response **within ten (10) days following receipt of Defendants' affidavit.** Oral argument shall be in the court's discretion.

### B. *Plaintiff's Cross–Motion to Compel Discovery*

Plaintiff filed its Cross–Motion to Compel Discovery on March 20, 1998 alleging that Defendants failed to respond to its discovery requests. *See* Belter Affidavit. The record shows that Defendants interposed their objections, served November 10, 1997.[8] Exhibit D to Belter Affidavit.

---

7. According to Plaintiff's Response to Defendants' Requests, information responsive to Defendants' Requests 2, 7, and 8 is currently available for inspection at the office of Plaintiff's attorney. Exhibit E to Belter Affidavit. As Plaintiff has complied with these Requests, the court need not address the issue of Plaintiff's compliance with these Requests.

8. Although, based on the November 10th date of service, it appears that Defendants waived the right to object by failing to timely respond to Plaintiff's Requests under Fed.R.Civ.P. 33(b)(4),

### 1. Plaintiff's Requests Nos. 5, 6, and 7

█ In the present case, Defendants objected to Plaintiff's Requests Nos. 5, 6 and 7 on overbroadness and lack of relevancy grounds. Request No. 5 seeks the invoices and canceled checks paid by Transport and Aqua Gulf to Land Ocean from June 1992 to the present. Request No. 6 seeks "all documents, including correspondence, invoices, bills, memoranda, notes, exchanged between Aqua Gulf Corporation and Land Ocean" during the period of January 1991 to the present. Request No. 7 seeks all documents, including correspondence, bills, invoices, memoranda, and notes exchanged between Transport and Land Ocean with respect to their business relationship from January 1991 through the present. Exhibit A to Belter Affidavit at 6.

It is the obligation of a requested party to provide discovery that is relevant to the case. Fed.R.Civ.P. 26(b)(1). As discussed, information is relevant so long as it is reasonably calculated to lead to the discovery of admissible evidence. *Daval Steel Products, supra,* at 1367. In the present case, Plaintiff alleges a breach of contract beginning in 1994 and ending in 1996. The court finds that the information sought in Requests Nos. 5, 6, and 7 is relevant to Plaintiff's claim as it may lead to evidence establishing an on-going business relationship between the parties during the time period of the alleged breach. While it is true that the alleged breach occurred in 1994 and continued until 1996, the existence of a business relationship under the alleged agreement prior to 1994 may reasonably reveal evidence from which contractual obligations during the 1994 to 1996 period could be inferred. Defendants' objection should, therefore, be overruled and the requested discovery produced to Plaintiff.

█ Defendants also contend in their Opposition to Plaintiff's Cross–Motion to Compel that Defendants need not respond to Plaintiff's Requests, as the documents sought in Requests Nos. 5, 6, and 7 are already in the possession of Plaintiff. Defendants' Opposition at 7. Defendants are incorrect. Unless excused by a court order, a requested party must provide relevant discovery regardless of whether it is already available to the requesting party. *Federal Deposit Insurance Corp. v. Renda,* 126 F.R.D. 70, 72 (D.Kan.1989) (defendant's refusal to produce documents improper, as plaintiffs are entitled to review those documents which are in defendant's control regardless of whether plaintiffs are in possession of certain documents which they requested from defendants); *Westhemeco v. New Hampshire Insurance Co.,* 82 F.R.D. 702, 710 (S.D.N.Y.1979) (plaintiff's possession of requested documents does not preclude plaintiff's request that defendant identify them, absent a showing of bad faith or harassment).

█ *United Cigar–Whelan Stores v. Philip Morris, Incorporated,* 21 F.R.D. 107, 109 (S.D.N.Y.1957), relied on by Defendants, is distinguishable. There, the court's refusal to grant discovery was based on the undue administrative and financial burden which would have been placed upon Defendant in complying with the plaintiff's discovery requests, not solely the fact that the requesting party already had copies of the requested documents. Therefore, Defendants must produce the requested documents, if such are in their custody or control, regardless of whether Plaintiff is also in possession of these documents.

### 2. Request No. 13

█ Defendants objected on relevancy, confidentiality, privilege, and burdensome-

application of Fed.R.Civ.P. 6(a) reveals that no waiver occurred. Fed.R.Civ.P. 6(a) requires that "[i]n computing any period of time prescribed or allowed by these rules.... [t]he last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday." Under Fed.R.Civ.P. 33(b)(4), a party's failure to respond to interrogatories with objections or answers within 30 days after service of interrogatories results in a waiver of any objections to the interrogatories. In the present case, service of Plaintiff's Requests occurred on Saturday, Octo-

ber 8, 1997, and Defendants served objections to these discovery requests on Monday, November 10, 1997, more than 30 days from the service of the Plaintiff's discovery requests. Defendant's Opposition at 3, n. 1. However, application of Fed.R.Civ.P. 6(a) extends Defendants' time of permissible compliance to Monday, November 10, 1997. Therefore no waiver of Defendants' objections occurred under Fed.R.Civ.P. 33(b)(4) or 34(b). Moreover, as noted, Plaintiff does not assert such a waiver.

ness grounds to Request No. 13.[9] Request No. 13 seeks information as to the relationship between the Defendants and eleven of their customers for the years 1992 and forward, including: (1) with regard to each customer, a list identifying the gross volume of sales in U.S. dollars of Aqua Gulf and Transport with respect to each customer during the calendar year 1992 through the present; (2) for each customer and calendar year identified, a list identifying the gross volume of sales in U.S. dollars of Aqua Gulf and Transport during each calendar month of each identified calendar year identified separately for each customer; and (3) for all of the gross sales identified for each customer above, copies of all invoices, bills, billing memoranda or other document requesting payment which Aqua Gulf or Transport provided for each customer during the period of January 1992 to the present. Exhibit A to Belter Affidavit at 5–9.

Defendants contend that Request No. 13 seeks information which is not relevant to a claim or defense at issue in the case. Defendants' Opposition at 8. Plaintiff has specifically asserted that the persons or companies listed in Request No. 13 are customers of Aqua Gulf and/or Transport. Plaintiff is seeking information as to customers of both Aqua Gulf/Transport and Land Ocean, as the customers listed are purchasers of products who transacted business with Defendants pursuant to the agreement at issue between Land Ocean and Aqua Gulf/Transport. Under this alleged agreement, Defendants conducted invoicing and collected payment from each customer for products which Plaintiff had arranged for shipment of through Defendants pursuant to the agreement. Defendants were then required to provide a share of the profits devised on these purchaser and shipping fees to Plaintiff. The customer information requested tends to show that Plaintiff and Defendants were involved in a business relationship. Accordingly, Request No. 13 seeks information which is relevant.

■ However, Defendants also contend that the information requested by Plaintiff's Request No. 13 is privileged under the terms of the Interstate Commerce Commission Termination Act § 14908, 49 U.S.C. § 14908 (1995), and Fed.R.Civ.P. 26(b)(1). Defendants' Objections to Plaintiff's Requests, filed November 12, 1997, 14.

Rule 26(b)(1) of the Federal Rules of Civil Procedure permits discovery regarding "any matter *not privileged* which is relevant to the subject matter involved in the pending action." (Emphasis added). Defendants allege that the customer lists and other information demanded in Request No. 13 is privileged and confidential information under Section 14908 of the ICC Termination Act of 1995 which states:

> ... [A] carrier or broker providing transportation ... or an officer, receiver, trustee, lessee, or employee of that carrier or broker ... may not disclose to another person, except the shipper or consignee, and a person may not solicit, or receive information about the nature, kind, quantity, destination, consignee or routing of property tendered or delivered to that carrier or broker for transportation provided under this part without the consent of the shipper or consignee if that information may be used to the detriment of the shipper or consignee or may disclose improperly to a competitor the business transactions of the shipper or consignee.

49 U.S.C. § 14908 (1995). In the present case, the ICC Termination Act is applicable as Request No. 13 seeks information which may reveal the "nature, kind, quality, destination, consignee or routing" of property tendered or delivered, including the invoices, bills, billing memoranda, or other documents pertaining to each customer. Defendants have also made an adequate showing of competitive risk involved in providing this information to Plaintiff. In the affirmation of John Bruno, President of Aqua Gulf Transport, Inc., Mr. Bruno directly states that there is a serious risk Plaintiff will use the information

---

**9.** While Defendants failed to specifically assert a relevancy objection when they served this Objection on November 25, 1997, nevertheless, Defendants did raise relevancy as a ground to defeat Request No. 13 in their Opposition to Plaintiff's Cross–Motion to Compel. (Docket Item No.18). Accordingly, the court finds that Defendants' relevance objection is properly before it.

to the competitive disadvantage of Defendants. Bruno Affidavit, ¶ 10.

However, the ICC Termination Act also provides that a carrier providing transportation may give information in response to "legal process issued under authority of a court of the United States or a State." 49 U.S.C.A. § 14908(b)(1) (1996). In *Delta Steamship Lines, Inc. v. National Maritime Union of America,* 265 F.Supp. 654, 656 (E.D.La.1967), the plaintiff relied on a provision of the Shipping Act of 1916 nearly identical to 49 U.S.C. § 14908(b)(1), as authority to avoid producing documents sought by defendant.[10] The court nevertheless applied the "legal process" exception to the Shipping Act of 1916 and held that the statute did not create a privilege in the manner intended under Fed.R.Civ.P. 26 and 34. *Id.* The court stated, "[w]hile ... [the Shipping Act of 1916] prohibits disclosure of certain information by the shipping lines, it negates the idea that it creates a privilege because it permits disclosure in response to a court order regardless of the lack of consent of the shipper." As the exception to the Shipping Act applied, the court ordered counsel to proceed with discovery. *See also D.G. Bland Lumber Co. v. National Labor Relations Board,* 177 F.2d 555, 558 (5th Cir.1949) (subpoena issued by the National Labor Relations Board affirmed as Interstate Commerce Act did not forbid disclosure of the evidence.) In the present case, Plaintiff has a cause of action for breach of contract against Defendants, and the customer information has been requested by Plaintiff during discovery under Fed.R.Civ.P. 37. As the conduct of discovery pursuant to the Federal Rules of Civil Procedure is "legal process" under an exception to the confidentiality requirements in the ICC Termination Act, Defendants may not withhold production of this information on this ground.

Plaintiff's Requests Nos. 5, 6, 7, and 13 seek information which is relevant to the instant case. Defendants have failed to show that the information requested by Request No. 13 is privileged under Fed.R.Civ.P. 26(b)(1) and the Interstate Commerce Commission Termination Act. Accordingly, Plaintiff's motion to compel is GRANTED as to Requests Nos. 5, 6, 7 and 13. Defendants are therefore directed to answer Plaintiff's Requests 5, 6, 7, and 13 and produce all related documents **not later than 30 days following service of this order.** To address Defendants' business concerns, the parties shall enter into a mutually acceptable confidentiality agreement which limits any use of the requested customer information to the purposes of the instant litigation.

### 3. Plaintiff's Expenses

Under Federal Rule of Civil Procedure 37(a)(4)(A) and (d), if a motion to compel is granted, the party whose conduct necessitated the motion shall be required to pay the reasonable expenses incurred in bringing the motion, including attorneys fees, unless the opposing party's nondisclosure, response, or objection was substantially justified, or other circumstances make an award of expenses unjust. Defendants have alleged that their nondisclosure was substantially justified for several reasons, including lack of relevancy of the requested information to a claim or defense of a party to the action, confidentiality, and possession of the requested documents by Plaintiff. Based upon the foregoing, Defendants' refusal to voluntarily produce the documents was not substantially justified. Therefore, Plaintiff is entitled to recover the reasonable expenses in connection with the instant motion. Plaintiff shall file its affidavit of such expenses **within twenty (20) days following entry of this order;** Defendants shall file their response **within ten (10) days following receipt of**

---

**10.** The section of the Shipping Act relied on by plaintiffs in *Delta Steamship* forbids "common carriers by water" or the employees of such carriers from disclosing information concerning the nature, kind, quantity, destination, consignee, or routing of property tendered or delivered to them for interstate transportation, which information may be used to the detriment or prejudice of such shipper or consignee or any carrier.

*Delta Steamship Lines, Inc., supra,* at 655. The statute further expressly provides that "[n]othing in the chapter shall be construed to prevent the giving of such information in response to any legal process issued under the authority of any court, or to any officer or agent of the Government of the United States or of any State, Territory, District or possession thereof, in the exercise of his powers." *Id.*

Plaintiff's affidavit. Oral argument shall be in the court's discretion.

### C. Motions Regarding the Proposed Stipulation

█ As noted, on July 17, 1998 Defendants moved to compel Plaintiff to comply with a proposed stipulation. (Docket Item No. 23). Plaintiff moved for similar relief on August 6, 1998 as to the proposed stipulation it had submitted to Defendants. (Docket Item No. 25). Fed.R.Civ.P. 29 provides that the parties may by written stipulation modify other procedures governing or limitations placed upon discovery. In the present case, the parties failed to sign or otherwise agree on a stipulation. Rather than agreeing to the terms of a single proposed stipulation, both parties put forth their own versions of stipulations containing different terms, both of which remained unsigned. Accordingly, the court finds that neither stipulation is binding and the motions of Plaintiff and Defendants are, accordingly, DENIED.[11] *See Winston v. Mediafare Entertainment Corp.,* 777 F.2d 78 (2d Cir.1985) (as parties never entered into binding settlement agreement, court refused to enforce settlement agreement between the parties).

### CONCLUSION

Defendants' Motion to Preclude, (Docket Item No.11), is hereby DENIED, treating Defendants' motion as a Motion to Compel is GRANTED, and Defendants' motion for expenses is GRANTED. Plaintiff's Cross–Motion to Compel and for expenses, (Docket Item No. 13), is hereby GRANTED. Defendants' motion to compel compliance with a stipulation, (Docket Item No. 23) is DENIED, and Plaintiff's cross-motion to compel compliance with a stipulation, (Docket Item No. 25), is DENIED.

SO ORDERED.

---

**11.** Plaintiff also moved on August 6, 1998 to preclude Defendant from offering evidence at trial as to the Plaintiff's discovery requests should Defendant fail to comply with an order of this court compelling Defendant to comply with Plaintiff's discovery requests. Although the court has granted the Plaintiff's Cross–Motion to Compel, such relief at this point would be premature. Should Defendant fail to comply with such order, Plaintiff may seek such relief at the time of noncompliance.