**UNITED STATES of America ex rel. Eugene Frank IRONS, Appellant,**

v.

**Ernest L. MONTANYE, Superintendent, Attica Correctional Facility, Appellee.**

**No. 990, Docket 74–2676.**

United States Court of Appeals, Second Circuit.

Argued May 16, 1975.

Decided July 7, 1975.

Phylis Skloot Bamberger, New York City (William J. Gallagher, The Legal Aid Society, Federal Defender Services Unit, New York City, of counsel), for appellant.

Arlene Silverman, Asst. Atty. Gen. (Louis J. Lefkowitz, Atty. Gen. of the State of New York; Samuel A. Hirshowitz, First Asst. Atty. Gen., of counsel), for appellee.

Before SMITH and OAKES, Circuit Judges, and JAMESON,* District Judge.

OAKES, Circuit Judge:

This is an appeal from a denial of a writ of habeas corpus, 28 U.S.C. § 2254, by Judge Curtin of the United States District Court for the Western District of New York. Appellant, Eugene Frank Irons, currently confined to the Attica Correctional Facility, was convicted on April 6, 1966, after a jury trial in the Onondaga County Court of third degree burglary and first degree larceny from a jewelry store. He was sentenced to a term of 10 to 20 years. He petitions for a writ on the basis that the evidence against him was obtained as the result of an unconstitutional search.

Irons was apprehended at the Syracuse bus terminal at 12:25 a. m. on July 26, 1965. The police were alerted that Irons might try to leave town by bus. The officers had a search warrant dated July 16, 1965, stating that there was probable cause to believe that appellant had in his possession a gun taken from the jewelry store which had been burglarized on both July 16 and 25.[1] The officers opened the two suitcases appellant was carrying and found one to contain jewelry, but no gun. Appellant was arrested and later that evening admitted having twice burglarized the jewelry store and having sold the gun. A preliminary hearing was held on December 29, 1965, on the issue whether Irons' confession was voluntary. Following a finding in the State's favor, a trial was held and appellant convicted. Irons appealed, claiming that the trial court erred in its finding of voluntariness and in its charge. The judgment was affirmed by the Appellate Division, Fourth Department, without opinion, on May 9, 1968. Permission to appeal was denied by the New York Court of Appeals on November 13, 1968.

Appellant filed *pro se* a writ of *habeas corpus* on January 16, 1969, in the United States District Court for the Western District of New York before Judge Burke claiming that the search was constitutionally invalid as the warrant was based on hearsay. Judge Burke denied the application on July 3, 1969, finding, without a hearing, that admission into evidence of the fruits of the search was not objected to at trial by counsel and that "The search was a valid and legal search. It was valid as an incident to a lawful arrest. It was also authorized by a valid and legal search warrant." Judge Burke apparently based his decision on the preliminary hearing on voluntariness of the confession and trial records and the Appellate Division. briefs. This court denied a certificate of probable cause on October 1, 1969.

---

* Of the District of Montana, sitting by designation.

1. The text of the search warrant reads:
    Proof, by affidavit, having been this day made before me, by Sgt. Duane Metzger that there is probable cause for believing that Frank E. Irons AKA Eugene Frank Irons has in his possession one 38 Cal. Smith & Wesson Snub Nose revolver Ser # G–182596 that was stolen in the commission of a Burglary at room 103–436 S. Salina St. in the City of Syracuse, N.Y. on 16 July, 1965.
    You are, therefore, Commanded, at any time of the day or night to make immediate search on the person of Frank E. Irons AKA Eugene Frank Irons viz.: in the City of Syracuse or County of Onondaga, N.Y., for the following property 1–38 Cal. Smith & Wesson Revolver (Snub Nose) Ser # G–182596.

Appellant filed a second writ of habeas corpus, which is the object of this appeal, on the grounds that the search warrant was void on its face and that there was a failure by his attorney to object to the evidence obtained from the search. In a supplementary petition appellant alleged that the search warrant was invalid on the grounds that under New York law it illegally authorized a nighttime search and that it was executed beyond the tenth day after its issuance. Judge Curtin referred the petition to a magistrate, who recommended that the writ be denied on the basis of Judge Burke's previous findings. After reviewing the papers submitted, presumably the 1965 and 1966 transcripts and certain correspondence of Irons requesting information, and the magistrate's recommendation, Judge Curtin denied the writ without further opinion.[2] This appeal followed and appellant was assigned counsel.

■ It is unclear whether the claims presented here were made in the state courts. Appellant's brief in this appeal indicates that appellant did file a pro se brief during the initial appeal to the Appellate Division raising the issue of the validity of the search warrant.[3] Neither Judge Burke nor Judge Curtin discussed the issue of exhaustion. Given the uncertainty in the record before us, we must remand for consideration whether the issues presented for review have ever been presented to the state courts. *See Braden* v. *30th Judicial Circuit Court of Kentucky,* 410 U.S. 484, 490, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973); *Picard* v. *Connor,* 404 U.S. 270, 275–76, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971); *Fay* v. *Noia,* 372 U.S. 391, 417–20, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963).

■■ Even if appellant exhausted his state remedies, the question is open whether he deliberately waived his Fourth Amendment claims by failing to object to the introduction of the evidence at trial.[4] *Fay* v. *Noia,* 372 U.S. at 438–40, 83 S.Ct. 822. It will be relevant to determine whether appellant's claims were presented to the Appellate Division on direct appeal since under New York law "no objection [at trial] is required to preserve for appellate review a deprivation of a fundamental constitutional right, and the failure to object does not waive the defendant's state remedies for the preservation of those rights." *Unit-*

2.  Title 28 U.S.C. § 636(b)(3) reads:

    (b) Any district court of the United States, by the concurrence of a majority of all the judges of such district court, may establish rules pursuant to which any full-time United States magistrate, or, where there is no full-time magistrate reasonably available, any part-time magistrate specially designated by the court, may be assigned within the territorial jurisdiction of such court such additional duties as are not inconsistent with the Constitution and laws of the United States. The additional duties authorized by rule may include, but are not restricted to—

    .  .  .  .  .

    (3) preliminary review of applications for posttrial relief made by individuals convicted of criminal offenses, and submission of a report and recommendations to *facilitate the decision* of the district judge having jurisdiction over the case as to whether there should be a hearing.
    (Emphasis added.)
    Here Judge Curtin also reviewed the papers submitted to Magistrate Maxwell in deciding to dismiss the petition. Anything less

would be an impermissible delegation of decision-making authority. Cf. *CAB* v. *Carefree Travel, Inc.,* 513 F.2d 375, 378–83 (2d Cir. 1975); Note, Masters and Magistrates in the Federal Courts, 88 Harv.L.Rev. 779 (1975). *See generally Wingo* v. *Wedding,* 418 U.S. 461, 94 S.Ct. 2842, 41 L.Ed.2d 879 (1974) (magistrate cannot conduct habeas corpus evidentiary hearings).

3.  This court has been unable to locate copies of the Appellate Division briefs, as they have apparently been destroyed.

4.  The State argues that in light of Irons' confession the issues in this appeal are at most harmless error, citing *Harrington* v. *California,* 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969), and *Chapman* v. *California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). It is elemental, however, that if the search were invalid the confession may have been tainted by illegal discovery of the jewelry obtained from Irons by means of the search. *See Wong Sun* v. *United States,* 371 U.S. 471, 484–87, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963).

*ed States ex rel. Schaedel* v. *Follette,* 447 F.2d 1297, 1300 (2d Cir. 1971). Failure to raise a constitutional issue on appeal may, however, constitute a waiver of state remedies. *Id.*

If the issues of exhaustion and waiver are resolved in appellant's favor, or if appellant does exhaust his state remedies without success, then appellant is entitled to a hearing on the issue of the constitutional validity of the search warrant under *Spinelli* v. *United States,* 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969), and *Aguilar* v. *Texas,* 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), even as modified by *United States* v. *Harris,* 403 U.S. 573, 91 S.Ct. 2075, 29 L.Ed.2d 723 (1971).[5] There is nothing whatsoever in the papers presently before us to support a finding of probable cause; indeed the very affidavit supposedly supporting the warrant is altogether missing, as apparently it was before Judge Burke.[6] While in 1969 appellant, in a prior habeas corpus petition, presented this issue to Judge Burke, Judge Burke without a hearing, on the basis of the trial transcript and *"Huntley"*[7] hearing transcript, decided that the search warrant was valid and the search was incident to a lawful ar-

rest. *Sanders* v. *United States,* 373 U.S. 1, 15, 83 S.Ct. 1086, 10 L.Ed.2d 148 (1963), does not favor deciding successive habeas corpus petitions if the first were adversely decided on the merits and the ends of justice would not be served by reaching the merits of the subsequent application.[8] For the first decision to be given controlling weight it must also be final on the merits. In *Sanders* no appeal was taken from the first petition, making it final. Here, in the 1969 proceeding, appellant, proceeding without counsel, moved this court for a certificate of probable cause for leave to proceed on appeal in forma pauperis and for assignment of counsel. That motion was denied without opinion. Since on the merits, assuming exhaustion and waiver have been successfully resolved, we do not find the 1969 appeal to have lacked merit, note 6 *supra,* we presume the denial of the motion was without prejudice for failure to exhaust state remedies. Thus, we are not bound by the nonfinal 1969 proceeding.

We do not need to consider appellant's claims that the search warrant did not comply with the then-effective § 801 of the former New York Code of Criminal Procedure[9] for nighttime searches

---

5. The issue must be met since there would be no point in remanding this case for determination of procedural issues if there were no underlying substantive issue to be resolved.

6. Irons has made diligent effort himself to locate the affidavit, but, for example, the Clerk of the Onondaga County Court states that he does not have it. Apparently Judge Burke had before him only the transcripts referred to above and the Appellate Division briefs. We have reviewed those transcripts and can find no indication of the information given the magistrate who issued the search warrant or facts establishing probable cause.

7. *People* v. *Huntley,* 15 N.Y.2d 72, 255 N.Y. S.2d 838, 204 N.E.2d 179 (1965).

8. *Sanders* v. *United States,* 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963), involved 28 U.S.C. § 2255 but held there was no need to differentiate 28 U.S.C. § 2254 for purposes of that decision. *Id.* at 15, 83 S.Ct. 1068. *Sanders* points out that § 2255 requires a hearing

unless the records " 'conclusively show' that the claim is without merit." *Id.* at 6, 83 S.Ct. at 1072. *Townsend* v. *Sain,* 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963), mandates similar evidentiary treatment under § 2254. Where there are disputed facts, *see* note 6, *supra,* justice requires less weight to be given to prior habeas corpus applications which have been dismissed without a hearing. *See generally United States ex rel. Lewis* v. *Henderson,* 520 F.2d 896, 904 (2d Cir. 1975).

9. Former New York Code of Criminal Procedure § 801 provided:

The magistrate must insert a direction in the warrant, that it be served in the day time, unless the affidavits be positive that the property is on the person, or in the place to be searched; in which case, he may insert, a direction that it be served at any time of the day or night.

Section 801 of the New York Code of Criminal Procedure was in effect at the time of these events, but has been superseded by N.Y. Crim.Proc.Law § 690.35 (McKinney 1971).

because it did not state that the officer was positive that a gun would be found or that the warrant was void when executed because it was older than 10 days.[10] We assume, without having to decide, that these claims are matters of state law unreviewable in federal courts.[11] *See United States ex rel. Terry v. Henderson,* 462 F.2d 1125, 1131 (2d Cir. 1972); *United States ex rel. Sadowy v. Fay,* 284 F.2d 426, 427 (2d Cir. 1960), *cert. denied,* 365 U.S. 850, 81 S.Ct. 814, 5 L.Ed.2d 814 (1961).

Judgment reversed and remanded.

---

**10.** Appellant does not discuss in his brief here the issue of the warrant's invalidity after ten days have passed. Here the warrant was issued on July 16 and used 25 minutes into July 26. This could well be considered within 10 days. How days are computed to assess the effective life of a state warrant is an issue of state law unless appellant alleges that a warrant is allowed to be effective so long as to be a denial of due process. Here no such allegation has been or could be raised.

**11.** *See generally United States v. Smith,* 340 F.Supp. 1023, 1029 (D.Conn.1972), which says,

The Second Circuit has specifically left open the question of whether the admissibility in a federal trial of evidence seized at nighttime pursuant to a warrant issued by a state judicial officer is governed by Rule 41(c) or by state law, Conn.Gen.Stat. § 54–33a, which imposes no extra requirement of certainty for a nighttime search. United States v. Ravich et al., 421 F.2d 1196, 1201, n. 5 (2d Cir. 1970), cert. denied 400 U.S. 834, 91 S.Ct. 69, 27 L.Ed.2d 66 (1970).