**Albert Louis THIBADOUX, Petitioner,**

**v.**

**Joseph E. LaVALLEE, Superintendent of Clinton Correctional Facility, Respondent.**

**Civ. No. 74–361.**

United States District Court, W. D. New York.

March 3, 1976.

Albert Louis Thibadoux, pro se.

CURTIN, Chief Judge.

The petitioner was convicted of manslaughter in the first degree in Monroe County Court, State of New York, in 1966. The conviction was appealed and affirmed by the Fourth Department. *People v. Thibadoux,* 27 A.D.2d 975, 278 N.Y.S.2d 975 (App.Div. 4th Dept.1967). Leave to appeal to the Court of Appeals was denied on June 27, 1967.

Since that time, the petitioner has made at least fourteen habeas applications to this court and to the District Court in the Northern District of New York. Two of those suits have direct bearing on the arguments the petitioner raises in this application.[1]

Petitioner's contentions that his statements made to police were inadmissible because he was not advised of his right to counsel were specifically rejected by the Honorable Harold P. Burke in *United States ex rel. Thibadoux, Mancusi,* Civil 1967–371 (W.D.N.Y.1967).[2] In that case, the Second Circuit denied the petitioner's application for a certificate of probable

cause, leave to proceed in forma pauperis and assignment of appellate attorney. (Order dated November 14, 1968.) Another allegation that he raises in this case—that his rights were violated because he was tried by a predominantly white jury—was rejected by Judge Burke in Civil 1971–84 (W.D.N.Y.1971). No appeal was taken from that decision.

■ The doctrine of successive petitions allows a district judge to dismiss another habeas application "if the first were adversely decided on the merits and the ends of justice would not be served by reaching the merits of the subsequent application." *United States ex rel. Irons v. Montanye,* 520 F.2d 646, 649 (2d Cir. 1975); 28 U.S.C. § 2244(a); *Sanders v. United States,* 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963). That court cautioned that its denial of certificate of probable cause and other relief without opinion may not be "on the merits" for the purpose of dismissing successive petitions, but rather may be a denial " . . . without prejudice for failure to exhaust state remedies." *Id.* at 649.

■ The state court records were produced in this case so that a determination of whether this petitioner had exhausted his state remedies could be made. The briefs submitted on direct state appeal of the conviction indicate the petitioner raised the question of the admissibility of his statements to the Appellate Division. *See* appellant's brief, *People v. Thibadoux, supra.* His claim that the petit jury was composed of predominantly white biased jurors was

---

1. The other denials are summarized by judges. The late Chief Judge John O. Henderson of this court denied the applications in Civil 1969–200, Civil 1971–1, Civil 1971–211, Civil 1972–542 and Civil 1973–288. Judge Harold P. Burke of this district denied applications in Civil 1967–371 and Civil 1971–84. Judge James Foley of the Northern District of New York denied his writs in 1971–Civ–541, 1972–Civ–18, 1972–Civ–317, 1972–Civ–516, 1972–Civ–250. Judge Edmund Port, also of the Northern District, denied applications in 1972–Civ–92, 1972–Civ–157, 1972–Civ–375, 1973–Civ–272. I have denied the writ previously in Civil 1971–173.

2. Judge Burke ruled on the matter in this fashion:

Before making the answers to the questions which were signed by him, the petitioner was advised that he had a right to remain silent, that any statement could be used against him in a court action, and that he had a right to seek counsel any time he so desired; . . . the rights of the petitioner under the Federal Constitution were not infringed.

*United States ex rel. Thibadeaux v. Mancusi,* Civil 1967–371 (Order at 3–4, W.D.N.Y., November 8, 1967).

raised in a coram nobis proceeding in Monroe County in 1969. The state judge denied the relief requested. *See* pro se brief, *People v. Thibadoux* (Monroe County Court, September 5, 1969), *aff'd,* 33 A.D.2d 995, 309 N.Y.S.2d 103 (App. Div. 4th Dept.1970).

Therefore, both decisions by Judge Burke were on the merits and final within the meaning of the *Irons* case. Two other grounds alleged by the petitioner are unintelligible. After reviewing the present petition and the past state and federal proceedings, I conclude that the ends of justice would not be served by a renewed inquiry into the legality of Thibadoux's conviction. 28 U.S.C. § 2244(a).

 This case presents an unfortunate example of the difficulties and frustrations experienced by a convicted defendant who does not have reasonable access to legal counsel to assist him in presenting his legal argument to the court. Simply to provide penal institutions with law libraries and the aid of inmate legal clerks is not enough. There must be some opportunity for inmates to have access to counsel who would be able to assess the validity of the constitutional deprivations which they have suffered in their convictions. In fact, the initial interviews of inmates like Mr. Thibadoux could be carried out by law students or paralegal personnel working under the direction of lawyers, independent of the correctional institution and reasonably available to the inmates. It is true that in some cases an individual inmate may reject this service and insist upon proceeding on his own but, in most cases, the opportunity given to an inmate to discuss his problem with someone not connected with the prison system would help alleviate the feeling of unfairness which develops in the minds of some prisoners.[3] In situations in which there is an arguable claim, the petitioner would be able to set forth his argument in a clear and forceful manner.

---

3. Such services are being partially provided by the Prisoners' Legal Assistance Project in the Western District of New York. It appears to

The present petition must be dismissed. The application for a writ of habeas corpus is denied.

Certificate of probable cause is also denied.

The petitioner may file a notice of appeal, upon payment of the proper fee, with the Clerk of the United States District Court, United States Court House, Buffalo, New York. If the petitioner wishes to file without payment of a fee, he should transmit an affidavit of poverty to the court.

 The denial of a certificate of probable cause does not prevent the petitioner from applying directly to the Court of Appeals for the Second Circuit, United States Court House, Foley Square, New York City, for a certificate of probable cause, and for permission to prosecute an appeal in forma pauperis.

So ordered.

the court that it would be most worthwhile if this service could be continued and expanded.