**Ronald DAVIDSON, Plaintiff,**

v.

**Glenn S. GOORD, Philip Coombs, Jr., Anthony Annucci, Hans Walker, Edward Donnelly, Floyd Bennett, Robert A. Guzman, the Estate of Charles Brunelle, Unknown DOCS Personnel "John Does" 1–10 and Mary Battroni, Defendants.**

No. 99–CV–555S(F).

United States District Court,
W.D. New York.

Jan. 30, 2003.

Ronald Davidson, Elmira Correctional Facility, Elmira, NY, Pro Se.

Eliot Spitzer, New York State Attorney General, Stephen F. Gawlik, Assistant Attorney General, of Counsel, Buffalo, NY, for Defendants.

## DECISION and ORDER

FOSCHIO, United States Magistrate Judge.

## JURISDICTION

On December 20, 1999, Hon. William M. Skretny referred this matter for all pretrial proceedings. The matter is presently before the court on Defendants' motion to compel filed January 2, 2002 (Doc. No. 36), and Plaintiff's request, filed April 5, 2002 (Doc. No. 46), to stay discovery, and Defendants' letter request dated December 30, 2002 for entry of an amended scheduling order.

## BACKGROUND

In this Section 1983 action, Plaintiff's complaint ("Complaint") alleges violations of 28 U.S.C. § 1915(b) (" § 1915(b)"), retaliation, and interference with Plaintiff's constitutionally protected right to communicate by mail with counsel and courts, involving 37 pieces of correspondence which Plaintiff attempted to mail between June 21 to July 1, 1999. Complaint ¶¶ 9, 19. Upon Defendants' motion to dismiss and the undersigned's Report and Recommendation, filed August 17, 2000 (Doc. No. 20), Plaintiff's claims of misapplication of § 1915(b) were dismissed by District Judge William M. Skretny by Order filed September 27, 2000 (Doc. No. 24). Specifically, dismissed with prejudice were Plaintiff's claims under § 1915(b) and DOCS Directive 4422 (governing inmate general correspondence); and dismissed without prejudice with leave to amend were Plaintiff's claims regarding violations of DOCS Directive 4421 (governing "privileged" inmate correspondence) against all Defendants except Defendants Annucci and Guzman. Plaintiff's retaliation claims based on Plaintiff's § 1915(b) and DOCS Directive 4422 allegations were also dismissed by Judge Skretny without prejudice as to all Defendants; however, Plaintiff's retaliation claim, based on Directive 4421, was dismissed as to all Defendants except Defendants Annucci and Guzman. Further, the court alternative-

ly found that Plaintiff's claim based on his allegations regarding improper enforcement of Section 1915(b) were barred by qualified immunity but that Plaintiff's claims alleging violations of DOCS Directive 4421 and 4422 were not so barred. (Doc. Nos.20, 24). To date, Plaintiff has not sought leave to file an amended complaint. On February 1, 2002, Plaintiff filed a letter stating his opposition to Defendants' motion claiming Defendants' interrogatories, served September 25, 2001, were "vexatious and burdensome." Doc. No. 40 ("Plaintiff's Response").

On November 29, 2001, Plaintiff moved by letter to the court dated November 24, 2001 (Doc. No. 33), to vacate the Scheduling Order entered, by Magistrate Judge Hugh B. Scott, on September 12, 2001, based on Plaintiff's assertion that his back pain and hypertension medications caused fatigue and lethargy. Defendants filed a Declaration of Stephen F. Gawlik, Esq., dated December 13, 2001 (Doc. No. 35), stating Defendants did not oppose Plaintiff's request provided discovery would commence when Plaintiff was recovered. Plaintiff's motion was granted by order dated January 7, 2002 (Doc. No. 37), and the undersigned entered an Amended Scheduling Order on March 11, 2002 (Doc. No. 45). No appeal from this order was taken by Plaintiff.

Oral argument on Defendants' motion to compel was conducted, with Plaintiff's *pro se* participation by telephone conference call, on March 6, 2002, and decision was reserved. However, Plaintiff was permitted to file a supplemental response within 30 days after the court's decision on Plaintiff's request for assignment of counsel, and Defendants were given an opportunity to reply within 10 days. Thereafter, on March 11, 2002, Plaintiff's motion for assignment of counsel was denied (Doc. No. 44), and Plaintiff's supplemental response to Defendants' motion to compel was directed to be filed not later than April 12, 2002 (Doc. No. 43); Defendants were directed to file their reply not later than April 22, 2002. *Id.*

On April 2, 2002, Plaintiff filed "Objections" to this court's order denying Plaintiff assigned counsel and directing Plaintiff to file a supplemental response to Defendants' motion (Doc. No. 46). Specifically, Plaintiff ob-

jected to this court's denial of his request for assignment of counsel and, additionally, requested the court stay discovery including any depositions, based on Plaintiff's asserted medical condition. Notwithstanding his request to delay discovery, Plaintiff filed a Supplemental Response to Defendants' Motion to Compel on April 5, 2002 (Doc. No. 47) ("Plaintiff's Supplemental Response"). In Plaintiff's Supplemental Response, Plaintiff objected to all of Defendants' discovery requests on the grounds of attorney-client privilege and any other privilege afforded by the Federal Rules of Civil Procedure, common law and the Federal Rules of Evidence. *Id.* On April 22, 2002, Defendants filed a Memorandum of Law in opposition to Plaintiff's Supplemental Response, and in further support of their motion to compel. (Doc. No. 48).

By order filed April 29, 2002 (Doc. No. 49), District Judge Skretny, *sua sponte*, rescinded Plaintiff's *in forma pauperis* status, dismissed the action and closed the case for non-compliance with 28 U.S.C. § 1915(g); however, the order was vacated by Judge Skretny's order of September 13, 2002 restoring the case to the court's docket. (Doc. No. 53).

By letter dated December 30, 2002, Defendants reminded the undersigned of Judge Skretny's action and requested that Defendants' motion should be decided and that, as the date for completing discovery established by the March 11th Scheduling Order had passed, an amended scheduling order be entered. Further oral argument on Defendants' motion and Plaintiff's request to stay discovery was deemed unnecessary. Further, no response by Plaintiff to Defendants' letter requests has been received to date, and the court finds oral argument on such request also unnecessary. For the following reasons, Defendants' motion is GRANTED, Plaintiff's motion is DENIED, and Defendants' request for an amended scheduling order is GRANTED.

## DISCUSSION

As noted, as a result of this court's action on Defendants' motion to dismiss, remaining in the case are Plaintiff's claims for retalia-

tion against Defendants Annucci and Guzman relating to allegations of Defendants' violations of DOCS directive 4421 regulating an inmate's "privileged" mail, and his claim against these defendants alleging a failure to deliver privileged correspondence to various attorneys and judicial officers abridging his right to access to counsel and the courts in violation of the First, Sixth and Fourteenth Amendments.

Fed.R.Civ.P. 26(a)(1)(A) requires disclosure of persons having discoverable information that may be used by a party to support its claims or defenses. Likewise, the rule requires disclosure of copies of documents that may be used for the same purpose. Fed.R.Civ.P. 26(a)(1)(B). In general, in federal civil litigation, discovery of any matter relevant to any claim or defense in the case, unless privileged, is permitted. Fed.R.Civ.P. 26(b)(1). Requested information is deemed relevant even if it is not admissible but appears reasonably likely to lead to the discovery of admissible evidence. *Id.; Daval Steel Products v. M/V Fakredine*, 951 F.2d 1357, 1359 (2d Cir.1991).

A party may request, without leave of court or stipulation, another party to answer up to 25 written interrogatories. Fed. R.Civ.P. 33(a). Answers must be provided under oath and signed by the person making them. Fed.R.Civ.P. 33(b)(1), (2). Objections to any interrogatory must be stated specifically, and unless such objection is stated within the 30 days permitted for answers to be served upon the requesting party, such objections are deemed waived. Fed.R.Civ.P. 33(b)(4). Additionally, any party may request of another party relevant documents or copies of such documents which are in the "custody and control" of the requested party. Fed.R.Civ.P. 34(a). Unless an objection to such request is stated within the 30 days allowed for responding to such requests, Fed. R.Civ.P. 34(b), such objection is also deemed waived. *Drexel Heritage Furnishings, Inc. v. Furniture USA, Inc.*, 200 F.R.D. 255 (M.D.N.C.2001); *Land Ocean Logistics, Inc. v. Aqua Gulf Corp.*, 181 F.R.D. 229, 237 (W.D.N.Y.1998).

A requested party may not refuse to respond to a requesting party's discovery request on the ground that the requested information is in the possession of the requesting party. *Land Ocean Logistics, Inc. v. Aqua Gulf Corp., supra,* at 240. Nor it is permissible to refuse to provide answers to interrogatories served pursuant to Rule 33(a) or documents in response to a request, pursuant to Rule 34, on the ground that information sought can be gleaned from the requested party's pleading, *e.g.,* a complaint or answer. As answers to interrogatories served pursuant to Fed.R.Civ.P. 33(a) must be in a form suitable for use at trial, it is insufficient to answer by merely referencing allegations of a pleading. *Farran v. Johnston Equipment, Inc.,* 1995 WL 549005 *5 (E.D.Pa. Sept.12, 1995); *King v. E.F. Hutton, Inc.,* 117 F.R.D. 2, 6 (D.D.C.1987) ("Nor is it an adequate response to say that the information is reflected in the complaint, no matter how detailed."); *United States v. West Virginia Pulp & Paper Co.,* 36 F.R.D. 250 (S.D.N.Y.1964); 4A James Wm. Moore *et al.,* Moore's Federal Practice ¶ 33.25[1] (2d ed.1994). Generalized objections that a discovery request is burdensome without resort to specific reasons is similarly insufficient to justify a refusal to respond. *Burns v. Imagine Films Entertainment, Inc.,* 164 F.R.D. 589, 592–93 (W.D.N.Y.1996) (internal citation omitted). Further, while *pro se* litigants are entitled to some leeway in complying with Federal Rules of Civil Procedure, such tolerance does not extend to unexcused failures to comply with routine discovery requests. *Baba v. Japan Travel Bureau Int'l, Inc.,* 111 F.3d 2, 5 (2d Cir.1997); *McDonald v. Head Criminal Court Supervisor,* 850 F.2d 121, 123 (2d Cir.1988) (recognizing that *pro se* prisoner plaintiffs in civil rights cases have obligation to "play by the rules, applicable to discovery in federal civil litigation") (quoting *McDonald v. Head Criminal Court Supervisor,* 117 F.R.D. 55, 58 (S.D.N.Y.1987)).

In Plaintiff's Supplemental Response, Plaintiff objected to all of Defendants' Interrogatories asserting the attorney-client privilege and other applicable privileges. However, as noted, as Plaintiff's objection was untimely, it is considered waived. The court's direction of March 6, 2002 (Doc. No. 43) called for Plaintiff to serve supple-

mental responses to Defendants' motion, not supplemental answers or objections to Defendants' interrogatories. Nevertheless, given Plaintiff's *pro se* prisoner status, the court will address the merits of this belated objection. However, as Plaintiff has failed to provide any basis upon which the asserted privilege can be determined to be applicable, the objection must overruled. *von Bulow by Auersperg v. von Bulow*, 811 F.2d 136, 144 (2d Cir.1987) (citing *In re Grand Jury Subpoena Dtd. January 4, 1984*, 750 F.2d 223, 224 (2d Cir.1984)); *In re Copper Market Antitrust Litigation*, 200 F.R.D. 213, 223 (S.D.N.Y.2001). Even if it is assumed that the attorney-client privilege could be interposed to Defendants' requests, such privilege may be deemed waived based on the nature of the asserted cause of action. The attorney-client privilege attaches where legal advice of any kind is sought from a professional legal advisor and the communications relating to that purpose, made in confidence by the client, are at this instance permanently protected from disclosure by himself or by the legal advisor, except if the privilege is waived. *United States v. Kovel*, 296 F.2d 918, 921 (2d Cir.1961); *see also In re Grand Jury Subpoena Duces Tecum Dated Sept. 15, 1983*, 731 F.2d 1032, 1036 (2d Cir.1984). "However, the attorney-client privilege cannot at once be used as a shield and a sword." *United States v. Bilzerian*, 926 F.2d 1285, 1291 (2d Cir.1991) (citing cases). Thus, where a party asserts a claim that "in fairness requires examination of the protected communication," the privilege is deemed waived. *Id.* In other words, where a litigant "places otherwise privileged communications at issue" in the litigation, such privilege is held to be waived. *In re Buspirone Antitrust Litigation*, 208 F.R.D. 516, 520 (S.D.N.Y.2002) (citing cases). The "at issue" waiver rule also applies to attorney work product and material prepared in contemplation of litigation otherwise protected from discovery by Fed.R.Civ.P. 26(b)(4).[1]

The elements of Plaintiff's constitutional claim arising from Defendants' failure to mail privileged letters to numerous attorneys and judicial officers as alleged in the Complaint, Complaint ¶ 9, include that (1) the relevant correspondence was addressed to an attorney or court and was proffered to Defendants for mailing but was not mailed, (2) the alleged failure to mail was without a reasonable basis predicated upon valid concerns for prison security and administration and penological objectives, (3) the correspondence pertained to the legality of Plaintiff's sentence or conditions of his confinement, and (4) as a result of the failure to mail the correspondence, Plaintiff suffered some actual injury in the form of either having a pending case dismissed or incurring sanctions. *See Lewis v. Casey*, 518 U.S. 343, 355, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996) ("the tools it [*Bounds v. Smith*, 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977)] requires to be provided are those that the inmates need in order to attack their sentences directly or collaterally and in order to challenge the conditions of their confinement."); *White v. White*, 886 F.2d 721, 723 (4th Cir.1989) (prisoner must provide "some basis for his allegation that the delay or failure in delivering his mail deprived him of meaningful access to the courts."); *Hoppins v. Wallace*, 751 F.2d 1161, 1162 (11th Cir. 1985) (affirming dismissal of § 1983 action where inmate failed to establish that person's refusal to provide postage for inmate correspondence to courts resulted in any inmate case being dismissed or sanction imposed) (citing *Twyman v. Crisp*, 584 F.2d 352, 358 (10th Cir.1978) (no showing that any of plaintiff's cases were dismissed or sanctions imposed on plaintiff because of defendants' delayed mailing of plaintiff's correspondence to courts)); *Chandler v. Coughlin*, 763 F.2d 110, 113 (2d Cir.1985) (recognizing prisoner's due process right to "meaningful access" to courts); *Sostre v. McGinnis*, 442 F.2d 178, 203 (2d Cir.1971) (affirming injunction against prison officials from refusing to mail communications by inmate to any court, public official or agency, or lawyer with respect

---

1. The work-product doctrine is limited to material prepared by a party in contemplation of litigation. Fed.R.Civ.P. 26(b)(3). Plaintiff makes no showing as to how any of Defendants' interrogatories call for such information. The court dis-

cerns no other reasonably potential privileges to be applicable to the instant dispute. Other than his generalized assertion of all such privileges, Plaintiff makes no effort to assist the court in making an informed determination on the issue.

to inmate's conviction or any complaint concerning "administration of prison" where incarcerated); *Chandler v. Coughlin,* 733 F.Supp. 641, 646–47 (S.D.N.Y.1990) (on remand dismissing claim for damages based on failure of plaintiff to demonstrate "nature of mail allegedly mishandled and how he was damaged."); *Thibadoux v. Lavallee,* 411 F.Supp. 862, 863 (W.D.N.Y.1976) ("there must be some opportunity for inmates to have access to counsel" to assess potential constitutional infirmities in their convictions) (*dicta*); *Rhinehart v. Rhay,* 314 F.Supp. 81, 83 (W.D.Wash.1970) (dismissing § 1983 claim for damages by inmate alleging violation of rights based on refusal to mail letters to plaintiff's attorney expressing opinion about sexual practices of inmates as not seeking legal assistance or relating to litigation concerning plaintiff's sentence or conditions of confinement).

Plaintiff's retaliation claim against Annucci and Guzman is predicated on allegations that these Defendants wrongfully withheld postage from Plaintiff unless he agreed to withdraw other pending litigation which he had filed. To establish his claim Plaintiff will be required to prove that (1) such litigation existed and was subject to First Amendment protection, (2) Defendants in fact made such representations with the intent to frustrate Plaintiff's right of access to the court, and (3) Plaintiff suffered some tangible injury as a result. *Lewis v. Casey, supra,* at 349–51, 116 S.Ct. 2174; *Franco v. Kelly,* 854 F.2d 584, 589–90 (2d Cir.1988) (inmate must show conduct which infringed substantive constitutional right in order to prevail on retaliation claim); *Sostre v. McGinnis, supra,* at 179 (upholding finding of liability for sending inmate to segregated housing in retaliation, in part, for inmate's past litigation against prison officials and inmate's threat to sue over censorship of his correspondence), *cert. denied,* 405 U.S. 978, 92 S.Ct. 1190, 31 L.Ed.2d 254 (1972).

■ Here, in Interrogatory No. 1, Defendants request the identity of persons having information regarding Plaintiff's claim. Defendants' Motion (Doc. No. 36) Exhibit A. Plaintiff objected to the Interrogatory on the basis of general objections that Defendants'

interrogatories were burdensome and that the requested information was available to Defendants in documents relating to Plaintiff's claims that were in Defendants' possession. Defendants' Motion, Exhibit C. However, as such information is subject to the mandatory disclosure rule of Rule 26(a)(1)(A) it must be provided. Plaintiff's objections that he is unable to provide such information because it would be easier for Defendants to obtain this information from prison records and he has not undertaken discovery himself are, for the reasons discussed, *supra,* insufficient. Plaintiff does not contend that he lacks access to the documents or that without such access he is unable to answer the Interrogatory. In his response, Plaintiff states "[Defendants] can access and read the documents as easily as I can ...." (Doc. No. 40). Moreover, the Interrogatory does not request the production of any document. As to Interrogatory No. 2, Defendants, in their Reply, stated they are satisfied with Plaintiff's answer. Defendants' Reply at 4. Similarly, Defendants do not take issue with Plaintiff's answer to Interrogatory No. 3. *Id.* Nor do Defendants require a more specific answer to Interrogatory No. 4 requesting the identity of any person who may have solicited statements on his behalf. Defendants' Reply at 5. Accordingly, the court will not address Plaintiff's answer to Interrogatories Nos. 2–4.

■ Defendants' Interrogatory No. 5 asks Plaintiff to identify persons to whom he complained or with whom he communicated regarding the allegations in his Complaint that his correspondence to attorneys and courts was wrongfully withheld from being mailed. Plaintiff's answer reiterates general objections based on burdensomeness, overbreadth and a lack of relevancy. Exhibit C to Defendants' Motion. Regarding this Interrogatory, as discussed, *supra,* Plaintiff's constitutional claim will require proof that the communications to attorneys or courts were intended to seek legal assistance or were judicially required in connection with litigation, or potential litigation relating to his sentence or the conditions of his confinement and that, as a result of Defendant's wrongful acts, Plaintiff suffered actual harm.

Accordingly, the information sought by Interrogatory No. 5 seeks relevant evidence *i.e.,* witnesses regarding Plaintiff's claim, and therefore, Interrogatory No. 5 must be answered. Additionally, as discussed, *supra,* Plaintiff's reference to his Complaint and Exhibits, in lieu of specific written answers and his generalized burdensomeness objection, are insufficient. Further, as discussed, Plaintiff's belated assertion of an attorney-client privilege (and other unspecified privileges) is unavailing. Whether the communications at issue were to an attorney or court in connection with requested legal advice or required by a court in connection with pending litigation is a required element of Plaintiff's claim. Accordingly, Plaintiff has by his pleading placed such information at issue in this case, and any privilege asserted to apply to such information or document is therefore deemed waived. *See In re Buspirone Antitrust Litigation, supra,* at 520–21. Therefore, there is no legal basis for Plaintiff's refusal to answer, and Plaintiff shall answer Defendants' Interrogatory No. 5.

■ Interrogatory No. 6, Defendants' Motion, Exhibit A, requests Plaintiff to state each oral conversation Plaintiff had with employees of the N.Y.S. Department of Correctional Services ("DOCS") regarding the allegations of the Complaint. Plaintiff's answer, Defendants' Motion, Exhibit C, asserted his general objections and referred Defendants to the Complaint and its attached Exhibits. However, as the request seeks information relating to potential personal involvement of Defendants, a general element of Plaintiff's § 1983 action, as well as potential fact witnesses, it seeks relevant information. As Plaintiff's claim covers a fairly limited time frame and Plaintiff, based on the detailed nature of his allegations, appears to have a good recall of the events at issue, it is difficult to see how the request can be considered burdensome or overbroad. Further, as discussed, as the requests pertain to DOCS employees, the attorney-client privilege does not apply. Accordingly, Plaintiff's objections are overruled, and Plaintiff shall answer Defendants' Interrogatory No. 6.

■ Plaintiff's answer to Interrogatory No. 7, requesting Plaintiff to detail his dam-

ages also referred to Plaintiff's general objections as well as the Complaint and Exhibits, documents and copies of documents relating to the prison's prisoner account and postage allocation program, and a prison account authorization form and balance information. As discussed, Plaintiff has an obligation to prove he suffered actual damages based on Defendants' violation of his federal constitutional right of access to courts. As such, the Interrogatory seeks information relevant to Plaintiff's claim. Further, Plaintiff should be in a position to know what, if any, harm Plaintiff suffered as a result of Defendants' failure to mail the correspondence at issue. Therefore, the request cannot be considered as burdensome or overbroad. Significantly, as the Interrogatory does not require Plaintiff to provide documents, Plaintiff's objection that Defendants have not provided him with complete access to the documents that "responds to Defendants' inquiries," Doc. No. 40, is unavailing. Plaintiff's reference to the Complaint and Exhibits is improper. Neither does the requested information call for any breach of the attorney-client privilege as information about Plaintiff's alleged damages cannot be reasonably viewed as seeking confidential communications. The privilege protects only such confidences, not the underlying facts. *Upjohn Co. v. United States,* 449 U.S. 383, 395–96, 101 S.Ct. 677, 66 L.Ed.2d 584 (1981) ("The privilege only protects disclosure of communications; it does not protect disclosure of the underlying facts by those who communicated with the attorney."). Accordingly, Plaintiff's objections are overruled and Plaintiff shall answer Defendants' Interrogatory No. 7.

■ Interrogatory No. 8, Defendants' Motion, Exhibit A, asks Plaintiff to list all correspondence or other mail Plaintiff claims was not mailed in violation of his rights as alleged in the Complaint. As with the other Interrogatories, for his answer, Defendants' Motion, Exhibit C, Plaintiff asserted his general objections and referred Defendant to the Complaint. However, as discussed, as to be actionable the correspondence at issue must fall within the ambit of constitutional protection as defined by the courts, Defendants are

entitled to know the identity and nature of the mailings at issue in order to assert any available defense. The Interrogatory therefore seeks relevant information and does not request production of documents not within Plaintiff's custody and control. Further, Plaintiff provides no reason to find the request is either burdensome or overbroad. Also, because the nature of the purported communications are at issue, any attorney-client privilege that conceivably could apply is deemed waived. Plaintiff's objections are therefore overruled, and Plaintiff shall answer Defendants' Interrogatory No. 8.

■ In Interrogatory No. 9 Defendants seek information as to Plaintiff's efforts, if any, to remail the disputed correspondence. Defendants' Motion, Exhibit A. Plaintiff refused to answer based on his general objections and reference to the Complaint. Defendants' Motion, Exhibit C. As Defendants note, Defendants' Reply ¶ 13, Defendants require this information to determine the factual basis for actual injury, a required element of Plaintiff's cause of action. As such, the Interrogatory seeks relevant information, and for the reasons discussed with respect to Interrogatories 6—8, the court finds there is no basis for Plaintiff's generalized assertion that the request is either burdensome or overbroad. Nor for the reasons discussed in connection with Interrogatory No. 6, *supra,* does the Interrogatory seek information potentially protected by the attorney-client privilege. In any event, as noted, any privilege Plaintiff may have had with respect to the correspondence at issue is deemed waived as Plaintiff's allegations place the purpose and content of the disputed mail at issue in this case. Accordingly, Plaintiff's objections are overruled, and Plaintiff shall answer Defendants' Interrogatory No. 9.

■ Interrogatories Nos. 10–12 request Plaintiff to state which legal actions or proceedings, or potential proceedings, Plaintiff claims were affected by Defendants' alleged actions or inaction, how in fact Defendants' conduct adversely affected such legal matters, and the status of such cases. Defendants' Motion, Exhibit A at 7–8. Plaintiff answered by referring to his general objections and the Complaint. Defendants' Motion, Exhibit C. As discussed with regard to Interrogatories Nos. 6–9, these objections must also be overruled. Whether Plaintiff actually suffered harm to his asserted constitutional right of access, as defined by the courts, is a required element of his claim. The Interrogatories therefore seek relevant information. Accordingly, Plaintiff's objections are overruled, and Plaintiff shall answer Defendants' Interrogatories Nos. 10–12.

■ Defendants' Interrogatory No. 13 requests Plaintiff to identify the lawsuits alleged in paragraph 18 of the Complaint to have been the reason for Defendants' alleged retaliation against him. Defendants' Motion, Exhibit A at 8. For his answer, Plaintiff reiterated his general objections and again referred to the Complaint. Defendants' Motion, Exhibit C. As Plaintiff claims that Defendants retaliated based on litigation previously initiated by Plaintiff, it is reasonable that either Defendants mentioned such cases to Plaintiff in connection with their retaliatory conduct or that Plaintiff is aware of such litigation. If no such litigation existed, or had been recently threatened by Plaintiff, the substance of Plaintiff's retaliation claim could conceivable be found to be unsubstantiated. In any event, regardless of whether the absence of such existing or prospective litigation could hinder Plaintiff in establishing his retaliation claim, an issue not presently before the court, the court finds the Interrogatory seeks relevant information. The existence and specifics of the underlying litigation to which Defendants' threats of retaliation relate go directly to the merits and defense of Plaintiff's claim. Further, such facts, if they exist, should be within Plaintiff's personal knowledge, and Plaintiff does not point to any reason why the request is burdensome or overbroad. No privilege could conceivably apply to Plaintiff's filed lawsuits as they are, by definition, matters of public record. Plaintiff's generalized reference to the Complaint is improper, and, in any event, a fair reading of the Complaint and Exhibits show they are devoid of such information. Accordingly, Plaintiff's objections are overruled, and Plaintiff shall answer Defendants' Interrogatory No. 13.

In his Objections (Doc. No. 46), as noted, Plaintiff seeks both a stay of discovery based on alleged issues of personal health, and review of this court's denial of Plaintiff's request for assignment of counsel (Doc. No. 49). To date, the District Court has not scheduled further proceedings regarding Plaintiff's Objections pursuant to Fed. R.Civ.P. 72(a); however, as Plaintiff has not heretofore moved to stay discovery, the court will treat Plaintiff's request as a motion for a protective order pursuant to Fed.R.Civ.P. 26(c), and now considers it as such. Defendant has not to date filed any response to Plaintiff's Objections.

█ Fed.R.Civ.P. 26(c) permits a court to "make any order which justice requires to protect a party ... from annoyance, embarrassment, oppression, or undue burden or expense." A request for a stay of discovery, pursuant to Rule 26(c), is committed to the sound discretion of the court based on a showing of good cause. Fed.R.Civ.P. 26(c). *Transunion Corp. v. PepsiCo, Inc.*, 811 F.2d 127, 130 (2d Cir.1987). In support, Plaintiff asserts that he suffers "serious medical problems with [his] back, etc.," resulting from a discogram performed at a hospital on November 24, 1999. Plaintiff's Objections dated March 17, 2002 (Doc. No. 46); Ex. C. at 1, Plaintiff's Objections to Report and Recommendation, dated August 17, 2000 (Doc. No. 22). Prior to the instant motion, Plaintiff claimed that the severe back pain he experiences, resulting from complications related to a discogram, required the use of Celebrex, Cozaar and Methadone, on an as needed basis, and that such medications cause fatigue and lethargy making it difficult for Plaintiff to participate in the litigation of his cases pending in this and other districts. Plaintiff's Letter to court in Support of Request to Vacate Scheduling Order dated September 10, 2001 (Doc. No. 33). Further, Plaintiff's attached exhibits to his request for stay of discovery, Exhibit A to Plaintiff's Objections (Doc. No. 46), show that, based on Plaintiff's representations as to his medical condition, District Judge Scullin terminated, without prejudice, an action filed by Plaintiff in the Northern District of New York, and that in nine actions pending in this district, Hon. John T. Curtin, based on a letter re-

ceived from Plaintiff dated June 19, 2001, describing alleged side effects of Plaintiff's Methadone medication, directed that as to these nine cases, depositions of Plaintiff will not proceed until Plaintiff assures the court and opposing counsel that he is physically able to attend any scheduled depositions. Judge Curtin also recommended the parties in those actions consider use of the video conferencing capability available to the court and DOCS to facilitate prisoner litigation and to avoid potentially unproductive travel by opposing counsel to conduct Plaintiff's deposition at the correctional facility where Plaintiff is presently housed. However, Judge Curtin also specifically directed that other discovery should proceed. Exhibit A to Plaintiff's Objections. However, the court finds a number of facts that militate against Plaintiff's request that discovery in this action be stayed. First, the court notes that in this matter, Plaintiff has participated in several telephonic appearances, including oral argument on the instant motion, and responded in writing to Defendants' Interrogatories with answers dated (but not signed) November 24, 2001, approximately the same date as Plaintiff's discogram. Plaintiff has also filed, on April 5, 2002, Objections to this court's order denying assignment of counsel and requesting the stay. Additionally, in accordance with the court's direction, Plaintiff filed on March 17, 2002, a Supplemental Response to Defendants' Motion to Compel. Further, the court notes that according to published pharmaceutical data, neither Celebrex (a non-steroidal anti-inflammatory) nor Cozaar (an anti-hypertensive) are believed to cause, among their known side effects, either fatigue or lethargy. MedsMall, *available at* http://www.Medsmall. com/Cozaar.html; Celebrex Side Effects Information, *available at* http://www.doctorsolve.com/Celebrex sideeffects.html. Drowsiness is a common side effect of Methadone. Narconon:Methadone Addiction Treatment Program, *available at* http://methadone2.com/ effects-of-methadone.html. However, Plaintiff has not provided any documentation that these medications are presently prescribed for him nor has Plaintiff provided any statement from a treating physician recommending that he not

participate in discovery of this case, including depositions.

Plaintiff's asserted inability to participate in discovery as a basis for his request to stay discovery, including attendance at any deposition, is contradicted by his ability to participate in proceedings, conducted on the record before the court in this action, without any manifestation of any physical incapacity and his demonstrated ability to prepare and file opposition to Defendants' discovery requests and the instant motion to compel. Moreover, contrary to Plaintiff's assertion, neither Judge Curtin nor Judge Scullin stayed discovery in Plaintiff's respective cases pending before those judicial officers. In fact, Judge Curtin's order of July 6, 2001 specifically directed that discovery proceed in the affected cases. Attachment to Doc. No. 46.

Based on the record, the court therefore finds that good cause has not been demonstrated for Plaintiff's requested stay of discovery. Any risk that Plaintiff may unexpectedly experience drowsiness is a problem that Defendants will have take into account in scheduling and selection of how Plaintiff's deposition is to be conducted. Fed.R.Civ.P. 33(b)(7) specifically permits an oral deposition be taken by "telephone or other remote electronic means." In Plaintiff's cases before Judge Curtin, the court suggested that the parties consider the possible use of teleconferencing any scheduled deposition of Plaintiff so as to eliminate the risk of unnecessary travel by defense counsel should drowsiness prevent the start or completion of Plaintiff's deposition. The risk that drowsiness from Plaintiff's use of Methadone (assuming Plaintiff is presently using such medication) may interfere with a scheduled deposition does not constitute an undue burden or create an oppressive circumstance for Plaintiff. The court has a duty to so manage its docketed cases in order to achieve the "just, speedy, and inexpensive determination of every action." Fed.R.Civ.P. 1. The court has an independent duty to manage its caseload to achieve these salutary objectives. *See Bell v. Swift & Company*, 283 F.2d 407, 409 (5th Cir.1960) (the federal rules of discovery "are in the interest of justice and transcend in importance mere convenience to a party litigant"). Accordingly, Plaintiff's motion for a protective order staying discovery is DENIED.

The court now turns to Defendants' request that the Scheduling Order entered March 11, 2002 (Doc. No. 45) ("Scheduling Order") be amended. Fed.R.Civ.P. 16(b) provides that case management orders may be modified upon good cause shown. Here, the Scheduling Order called for the close of discovery on September 30, 2002 (Doc. No. 45). However, as noted, a substantial delay, was occasioned by the court's orders, first, rescinding Plaintiff's *in forma pauperis* status, and, later, returning the case to calendar, as well as resolution of the instant motions. Such developments, not attributable to any fault by either party, justifies modification of the Scheduling Order. Accordingly, Defendants' request for entry of an amended Scheduling Order is GRANTED. An Amended Scheduling Order will be issued contemporaneously with this Decision and Order.

## CONCLUSION

Defendant's motion to compel (Doc. No. 36) is GRANTED. Plaintiff's answers to Defendants' Interrogatories shall be served and filed **not later than 30 days** after service of this Decision and Order. Plaintiff's answers shall be signed by Plaintiff under oath or affirmation in accordance with Fed. R.Civ.P. 33(b)(1) & (2). Plaintiff's motion for a protective order staying discovery (Doc. No. 46) is DENIED. Defendants' request for entry of an amended Scheduling Order is GRANTED.

PLAINTIFF IS REMINDED THAT FAILURE TO COMPLY WITH THIS ORDER MAY SUBJECT HIM TO SANCTIONS INCLUDING DISMISSAL OF HIS COMPLAINT WITH PREJUDICE.

PLAINTIFF IS ADVISED THAT ANY APPEAL OF THIS DECISION AND ORDER MUST BE TAKEN BY FILING WRITTEN OBJECTIONS WITH THE CLERK OF COURT **NOT LATER THAN 10 DAYS** AFTER SERVICE OF

THIS DECISION AND ORDER IN ACCORDANCE WITH FED.R.CIV.P. 72(a).

SO ORDERED.